UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| 280 MEEKER LLC, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 1:23-cv-00148-PAE |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| UMB BANK, N.A., as Trustee | ) | |
| | ) | |
| Defendant. | ) | |

## [ STIPULATED PROTECTIVE ORDER

It is hereby Ordered that this Stipulated Protective Order ("Protective Order") shall apply with respect to certain documents and other information produced and/or disclosed in connection with the above-captioned action (the "Action").

1.       Entry of this Protective Order is appropriate because the parties believe that information and documents that may be relevant to the allegations and defenses in this matter contain sensitive business and other confidential and proprietary information.  This Protective Order is also appropriate to protect confidential and proprietary information that may be present in discovery sought from non-parties.  Plaintiffs and Defendant (collectively, the "Parties," and individually, a "Party") may seek documents and information and/or seek to use documents and information in connection with this Action that a Party or non-Party may consider confidential. The Parties intend for such confidential information to be disclosed only under the terms of this Protective Order.

2.       Except to the extent required by law, this Protective Order shall apply, and the procedures described herein shall be adopted with respect to all Discovery Material, as that term is defined below in paragraph 3, that any Party or non-Party marks as "CONFIDENTIAL -

1

SUBJECT TO PROTECTIVE ORDER" in accordance with this Protective Order.  A Party or non-Party making such designation in accordance with this Protective Order is hereinafter referred to as a "Designator."  This Protective Order shall not apply to documents that are publicly available.

Confidential Information

3.    For the purpose of this Protective Order, "Discovery Material" shall mean all documents (regardless of the medium or manner generated, stored, or maintained), deposition testimony, tangible things or other information produced, subpoenaed, transcribed from depositions, or otherwise given to any Party in this Action by another Party or by a non-Party in connection with discovery (whether in the form of deposition transcripts, interrogatory answers, document productions, responses to requests for admissions or other discovery).  Discovery Material shall also include any documents, things or information produced voluntarily or by agreement without the receipt of a formal discovery request, and designated as confidential by any Party or non-Party in their response.

4.    For the purpose of this Protective Order, "Confidential Information" shall mean Discovery Material marked as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" in accordance with Paragraph 8 or 9, which contains confidential commercial, trade secret pursuant to the Uniform Trade Secrets Act or similar applicable state law, or other information that is entitled to confidential treatment pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, or any other statute, regulation, applicable court order or rule, or common law rule restricting disclosure.  No Confidential Information or any copy, excerpt, or summary thereof, or the information contained therein, shall be delivered or disclosed to any person except as provided herein.

5.      If any non-Party receives a request or subpoena seeking documents or tangible things and the requested documents or tangible things contain Confidential Information, the non-Party may designate such material as confidential in accordance with Paragraph 8.  Non-party Confidential Information designated as such, or any copy, excerpt, or summary thereof, or the information contained therein, shall be subject to all of the conditions and limitations set forth in this Protective Order.  Any non-Party that desires to protect its claim of confidentiality by adhering to these procedures submits to the jurisdiction of this Court with regard to any proceedings related to the non-Party's claim of confidentiality and bears the burden of establishing its claim of confidentiality in such proceedings.

6.      No Confidential Information, or any copy, excerpts or summary thereof, or the information contained therein, shall (a) be used for any business, commercial, competitive, personal, or other non-regulatory or non-enforcement purposes; or (b) be disclosed by the person receiving it to any other person without the prior written consent of the Designator or an order of the Court, except to the following:

      i.      Counsel for the Parties (including internal and external counsel);

      ii.      Counsel's employees (including temporary and permanent law clerks, paralegals, and clerical personnel retained by counsel for the Plaintiffs);

      iii.      Parties and employees of the Parties who have a need for access to the Confidential Information;

      iv.      Litigation consultants and contractors, and persons designated as expert witnesses;

      v.      The Court and its employees, including, without limitation, court reporters, employees in the Clerk's Office, and law clerks, provided that the

3

Confidential Information is filed in accordance with the terms of this Protective Order;

vi.      Stenographers or other persons preparing transcripts of testimony in this Action;

vii.     Persons indicated on the face of the Confidential Information as having been the authors or recipients of the Confidential Information;

viii.    Witnesses or potential witnesses who have a need for access to the Confidential Information for this Action; and

ix.      Outside vendors, including their employees, retained by Counsel for any Party to provide copying, data entry, data processing, or computer imaging, and similar clerical support services.

7.      With the exception of those persons designated in clauses 6.i., 6ii., 6iii., 6.v., 6.vi., 6.vii., and 6.ix of Paragraph 6, no Confidential Information, or any copy, excerpt, or summary thereof, or the information contained therein, received from a Party or non-Party, shall be disclosed to any person unless (a) such person has been provided with a copy of this Protective Order, and (b) such person has agreed to be bound thereto and executed the agreement attached hereto as Exhibit A.  Documents may be handled by clerical personnel in the employ of any Party or non-Party, including those in the employ of contractors or vendors hired by that Party or non-Party, where that Party or non-Party has executed the agreement and the clerical personnel are performing purely clerical duties, such as mail handling, copying, bates stamping, filing, etc., without such personnel signing the agreement.  Counsel for each Party shall obtain and retain executed copies of the agreements attached as Exhibit A from each person, other than persons

4

designated in clauses 6.i., 6.ii., 6.iii., 6.v., 6.vi., 6.vii., and 6.ix of Paragraph 6, to whom it discloses any Confidential Information other than its own Confidential Information.

8.   Any Discovery Material considered by a Party or non-Party to be confidential or to contain Confidential Information shall be marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" in a readily visible or noticeable manner.   In the case of documents, interrogatory responses, and responses to requests for admission, Confidential Information shall be designated by a stamp or designation on each page of such document or response prior to production or service.   Any Party photocopying or otherwise duplicating Confidential Information shall ensure that the "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" designation appears clearly on each page of any such copies or duplicates.

9.   Whenever Confidential Information is to be referred to or disclosed in a deposition, any Party or non-Party may exclude from the room during such testimony any person who is not authorized to receive Confidential Information under this Protective Order.   Any testimony given in any deposition may be designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" by any Party or non-Party by making such designation on the record. A Party or non-Party may also make such designation in writing to the court reporter if the designations are made within fourteen (14) days after the transcript has been made available to the Party or non-Party making the designations, and notice of such designations is sent to all Counsel of Record.   At the Designator's expense, the reporter shall then separately transcribe those portions of the testimony so designated and shall mark the face of the transcript with the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," and seal it in a separate envelope.  Whenever any Confidential Information is identified as an exhibit in connection with testimony given in any deposition proceeding in this Action, it shall be so marked, if it has not

previously been marked, and appropriately sealed.   Only persons who have executed the agreement attached hereto as Exhibit A and those persons designated in clauses 6.i., 6.ii., 6.iii., 6.v., 6.vi., 6.vii., and 6.ix of Paragraph 6, shall be entitled to obtain copies of that portion of the transcript and/or exhibit.  A copy of this Protective Order shall be identified and marked as an exhibit to any such transcript, and all persons who have actual notice of this Protective Order shall be bound by its terms.

10.    All Parties, their Counsel, and all persons designated in Paragraph 6 above who obtain Confidential Information shall take all necessary and appropriate measures to maintain the confidentiality of the Confidential Information, shall disclose such information only to persons authorized to receive it under this Protective Order.  Each person who has access to Confidential Information shall take all reasonable steps to ensure that access to the Confidential Discovery Material, and any electronic repository where it is retained, is properly restricted to those persons who, by the terms of this Protective Order, may have access to Confidential Discovery Material.

11.    Whenever Confidential Information is to be referred to or disclosed in a hearing or trial proceeding, any Party or non-Party may, in accordance with the Federal Rules of Civil Procedure, the Local Rules of this Court, the Federal Rules of Evidence, and/or this Protective Order move the Court to exclude from the room those persons who are not authorized to receive Confidential Information under this Protective Order.  In addition, any Party or non-Party may move the Court to designate any testimony given in such hearing or trial proceeding as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," and to require the reporter to separately transcribe those portions of the testimony, mark the face of the transcript with the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," and seal it in a separate envelope.   Whenever any document designated as "CONFIDENTIAL - SUBJECT TO

PROTECTIVE ORDER" is identified as an exhibit in connection with testimony given in any hearing or trial proceeding in this Action, any Party or non-Party may move that it be so marked if it has not previously been marked and appropriately sealed. Where the Court rules that such material is entitled to protection from disclosure under this Protective Order and the Federal Rules of Civil Procedure, the Local Rules of this Court, Federal Rules of Evidence, or other applicable law, only persons who have executed the agreement attached hereto as Exhibit A and those persons designated in clauses 6.i., 6.ii., 6.iii., 6.v., 6.vi., and 6.vii. of Paragraph 6 shall be entitled to obtain copies of that portion of the transcript and/or exhibit. A copy of this Protective Order shall be identified and marked as an exhibit to any such transcript, and all persons who have actual notice of this Protective Order shall be bound by its terms.

12. Any Party may at any time notify a Party or non-Party asserting a claim of confidentiality, in writing, or in the case of a deposition, either upon the record of a deposition or in writing later, of the Party's objection to the designation of any information, documents, or testimony as confidential. In that event, the challenging Party and Designator shall attempt to resolve any challenge in good faith on an expedited and informal basis. If the challenge cannot be expeditiously and informally resolved, either the Designator or the challenging Party may seek an appropriate ruling from the Court. In any such application for a ruling, the Designator shall have the burden of proof to establish that the designated material is in fact confidential and is entitled to confidential treatment. The information in issue shall continue to be treated as Confidential Information pursuant to this Protective Order until the Parties agree or the Court rules otherwise. No Party in this Action shall be obliged to challenge the propriety of the designation of any Confidential Information. Failure to bring such challenge shall not preclude any subsequent objection to the designation and shall not preclude any request for permission

from the Designator or any other appropriate action in any forum to disclose such Confidential Information to persons not referred to in this Protective Order. Nothing herein shall affect any Party's right to seek modification of this Protective Order.

13. Should any non-Party, by way of subpoena or bona fide discovery request, seek disclosure from a Party of Confidential Information designated by any other Party or non-Party, the Party receiving the request, to the extent allowed by law, shall promptly send that portion of the Discovery Request relating to the request for Confidential Information to Counsel for the Designator upon concluding that such Discovery Request may call for the production of Confidential Information. (Notice shall also be given to Counsel of Record for the Parties if the Designator is a non-Party.) Unless the Designator waives its claim of confidentiality over the requested documents or elects at its discretion, without waiving its claim of confidentiality, to consent to production of its Confidential Information subject to protections suitable to the Designator, the recipient of the request will inform the non-Party seeking disclosure that the information requested is Confidential Information protected by this Protective Order and that such non-Party will have to seek an appropriate ruling from this Court. In any such action before this Court, the Designator shall have the burden of proof to establish that the designated material is in fact confidential and is entitled to confidential treatment.

14. Inadvertent or unintentional disclosure of Confidential Information shall not be deemed a waiver in whole or in part of a Party's or non-Party's claim of confidentiality with respect to the information so disclosed. A Party or non-Party making such inadvertent disclosure must give prompt notification, in writing, to the Parties when such inadvertent disclosure is discovered. Upon receiving written notice that Confidential Information has been inadvertently produced, all such information, and all copies thereof, shall be returned to counsel for the

8

Designator, and the receiving Party or non-Party shall not use such information for any purpose unless or until the information is thereafter intentionally disclosed by the Designator with an appropriate identification indicating that it is Confidential Information. Inadvertent disclosure of the document or information shall not be deemed a violation of the provisions of this Protective Order, but all reasonable steps shall be taken to protect such inadvertently disclosed information after notification is received in accordance with this Protective Order.

15.    This Protective Order is designed to facilitate the disclosure of documents in this Action that a Party or non-Party considers to be "Confidential Information." It does not constitute a judicial determination that documents or information so designated as "Confidential Information" are entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure until such time as the Court may rule on a specific document or issue. Nothing in this Order shall prejudice in any way the right of any Party or non-Party to seek a determination whether particular documents, information or testimony are confidential business information that should remain subject to the terms of this Protective Order. Any Party or non-Party may request that the Court modify or otherwise grant relief from any provision of this Order.

16.    Nothing in this Protective Order shall limit or affect the right of a Designator to disclose, to authorize disclosure of, or to use in any way, its own Confidential Information.

17.    The Parties agree that a breach of the provisions of this Agreement by a Party will cause irreparable harm to the other Parties, and therefore agree that injunctive relief, and injunctive relief alone, is the appropriate means to enforce this Agreement. No Party shall be subject to any claim for damages as a result of a breach of this Agreement.

18.    This Protective Order will not be interpreted to and is not intended to keep motions, memoranda supporting motions, orders, and other filings with the Court under seal or

9

under confidentiality.   Any Party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with the Court's standing order, 19-MC-00583; the ECF Rules & Instructions, section 6; and the Court's Individuals Rules of Practice in Civil Cases.  To allow adequate opportunity to file a motion to seal or seek any other protection, any party seeking to use Confidential Material in the record must provide reasonable written notice to the producing party in advance of filing. The seal burden is on the proponent of the seal.  If the Designator is a non-Party, the Party seeking to file under seal will separately provide notice to the non-Party Designator.

Privilege Protection and Clawback Procedures

19.    Pursuant to Federal Rule of Evidence 502(d), if a Party or non-Party inadvertently discloses information subject to a claim of attorney-client privilege, attorney work product protection, or other privilege or protection ("Protected Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Protected Information and its subject matter in this action or any other federal or state proceeding, provided the Party or non-Party notifies the Receiving Party within five (5) calendar days after discovery of the inadvertent disclosure of claimed Protected Information.  In its notification, the Party or non-Party must also provide the Receiving Party with all grounds upon which the Party or non-Party asserts the inadvertently produced or disclosed document(s) or information is Protected Information.  Each Party and non-Party, including their respective counsel, should follow reasonable procedures to avoid the inadvertent production or disclosure of Protected Information.  Nevertheless, the provisions of Federal Rule of Evidence 502(b)(2) are inapplicable to the production of Protected Information under this Order, and this Order should be interpreted to provide the maximum protection allowed by

Federal Rule of Evidence 502(d).  This provision does not address production or disclosure waivers outside the scope of Federal Rule of Evidence 502(d).

20.     If a disclosing Party or non-Party gives notice to a Receiving Party that certain inadvertently produced or disclosed documents or information are subject to a claim of privilege or other protection, the obligations of the Receiving Party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

21.     The receiving Party may challenge any assertion that previously produced or disclosed document(s) or information constitutes Protected Information, and move the Court for an Order compelling production of the Protected Information.

22.     The disclosing Party or non-Party retains the burden of establishing the privileged or protected nature of any Protected Information.  Nothing in this Order shall limit the right of any Party to request an in camera review of the Protected Information.

23.     Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged or protected and to inform the disclosing party that such materials have been produced.

<u>Conclusion of Matter, Modification of Order</u>

24.     Within 120 days after the conclusion of this Action, i.e., after there is a final judgment no longer subject to appeal, all Confidential Information shall be returned to that Designator, or destroyed, except that any Party that received Confidential Information and its counsel may maintain archive copies of all pleadings, correspondence, depositions, deposition exhibits, trial transcripts, trial exhibits, and one complete set of Confidential Information produced in this Litigation, together with any attorney work product.  If any Party or its counsel

retains Confidential Information following the conclusion of this Litigation, it shall continue to be subject to this Protective Order so long as the Party retains such Confidential Information, unless or until the Designator withdraws its claim of confidentiality or a court determines that the Designator's claim of confidentiality is invalid.

25.     Throughout and after the conclusion of this Action, including any appeals, the restrictions on communication and disclosure provided for herein shall continue to be binding upon the Parties and all other persons to whom Confidential Information has been communicated or disclosed pursuant to the provisions of this Protective Order or any other order of the Court.

26.     Counsel for the Parties shall use their best efforts to ensure that the provisions of this Protective Order are adhered to by the Party they represent and by those acting on its behalf.

27.     Nothing in this Protective Order shall prevent any Party or non-Party from seeking amendments broadening or restricting the rights of access to, or the use of, Confidential Information, or otherwise modifying this Protective Order.   This Protective Order may be amended without leave of the Court by the agreement of Counsel for the Parties in the form of a filed stipulation.  This Protective Order shall be subject to modification by the Court at any time on its own initiative or on motion of a Party or any other person, including non-parties.  Non-Parties and producing third parties may seek permission to intervene to challenge the terms of or operation of the protective order.

28.     This constitutes the entire Agreement between the Parties.  There shall be no modifications to this Protective Order unless it is in writing and executed by all of the Parties or by court order.

12

We stipulate to entry of the above order:

Dated:  May 15, 2023

HINTON ANDREWS KURTH LLP

*P₂M*

Patrick L. Robson
200 Park Avenue, 52nd Floor
New York, New York  10166
Telephone: (212) 309-1000
probson@huntonAK.com

*Attorney for Plaintiff 280 Meeker*
*LLC*

FORD MARRIN ESPOSITO
WITMEYER & GLESER, L.L.P.

Edward M. Pinter
Jon R. Grabowski
Zane D. Shephard
Wall Street Plaza, 16th Floor
New York, NY 10005
Telephone: (212) 269-4900
empinter@fmew.com
jrgrabowski@fmew.com
zshephard@fmew.com

*Attorneys for Defendant UMB*
*Bank, N.A., as Trustee*

SO ORDERED:  _____

PAUL A. ENGELMAYER
United States District Judge
May 16, 2023

13

**Exhibit A**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| 280 MEEKER LLC, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 1:23-cv-00148-PAE |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| UMB BANK, N.A., as Trustee | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## CONFIDENTIALITY AGREEMENT PURSUANT TO PROTECTIVE ORDER

The undersigned, _____, hereby acknowledges that I have received a copy of the Stipulated Protective Order entered or to be entered in this Action, to which this Agreement was attached as Exhibit A, have read it, and agree to be bound to the terms of the Protective Order to the extent allowed by law, and any amendments thereto as if fully set forth herein, including, without limitation, that I shall not use Confidential Information or any copy, excerpt, or summary thereof, or the information contained therein, for any purpose not permitted by the Protective Order; that I shall return to Counsel supplying me with said Confidential Information, at the earlier of the end of my involvement or the conclusion of this Action, including any appeals therein, all copies of such Confidential Information that has been provided to me, including all notes, abstracts, summaries and excerpts prepared from Confidential Information that have not otherwise been destroyed by me and certify to such Counsel that all Confidential Information in my possession has been returned to such Counsel or destroyed; that I shall not make any copies of Confidential Information for any

purpose not permitted by the Protective Order; and, that I shall not provide Confidential

Information to anyone else who has not executed this Agreement or who, pursuant to Paragraph

6 of the Protective Order is not entitled to receive Confidential Information without executing

this Agreement.  I further understand that I shall remain bound by the Protective Order after the

conclusion of this Action unless otherwise ordered by the Court or a court of competent

jurisdiction.  I understand that violation of this Protective Order may constitute contempt of an

Order of the Court.

Dated:_____   Signature:_____

Name:

Address:

15